## LEE v. SIMPSON.

*(Circuit Court, D. South Carolina. December 18, 1888.)*

1. EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.

    A fund was given to a trustee for the separate use of a married woman for her life, with power of appointment in her by will, in default thereof to her child in fee. It was used by her husband, who was substituted as trustee, in purchasing real estate, he adding his own money, taking title to himself as trustee to these uses. The wife died. Her child died in her life-time, leaving Isabella, an infant, her heir at law. The trustee afterwards died, leaving the property to A., in trust to convey it to the state of South Carolina. To a bill filed in behalf of Isabella, alleging default in the exercise of the power, and claiming the property from A., with an account of the rents and profits, A. demurred on the ground that she had a plain, adequate, and complete remedy at law. Demurrer overruled.

2. TRUSTS—EXECUTED USE.

    In this case the use was not executed upon the death of the married woman if she failed to exercise the power of appointment, but the legal estate remained in the trustee, and his devisee, a volunteer, took it and the property bound by the trust.

3. INJUNCTION—RIGHTS PROTECTED.

    The devise to A. was upon trust to convey the property to the state of South Carolina upon certain conditions, ignoring the claim of complainant. The devisee, after this bill was filed and subpœna served, addressed a letter to the general assembly of South Carolina asking its acceptance of the property, and of the conditions annexed to it. The general assembly at once put an act on its passage for this purpose. *Held*, that the right of complainant to assert her claims in this court was imperiled, and an interlocutory injunction was issued.

4. SAME—AGAINST CONVEYANCE TO STATE.

    When a defendant *pendente lite* in a circuit court of the United States seeks to convey the land, the subject of controversy, to a state, he will be restrained by injunction.

*(Syllabus by the Court.)*

In Equity. On motion for preliminary injunction.

Bill by Isabella Lee, an infant, by *prochein ami*, against Richard W. Simpson.

*Le Roy F. Youmans* and *James P. Carey*, for complainant.

*Wells & Orr* and *Smythe & Lee*, for defendant.

SIMONTON, J. This is a motion for a preliminary injunction. It comes up on bill, answer, affidavits, with exhibits. From these it appears that Mrs. Floride Calhoun, the grandmother of the mother of the complainant, left in force a last will and testament. That in clauses of this will she gave to Edward Noble, as trustee, a fund then invested in the bond of her son, Andrew P. Calhoun, secured by a mortgage of Fort Hill plantation, in Oconee county, and certain slaves. The purpose of the trust was that the fund be held for the sole and separate use of Mrs. Anna M. Clemson, for her natural life, with a power of appointment thereof by a last will and testament, as she pleases; and, in default of such appointment, to her daughter, of whom the complainant is the only child. That proceedings were taken in the life-time of Mrs. Calhoun to foreclose this mortgage. These proceedings were not consummated until after her death. At the sale for foreclosure the plantation of Fort

Hill was purchased by Thomas G. Clemson, who had in the mean time been substituted as trustee in lieu of Noble, and a conveyance thereof was made to him as such trustee under the last will and testament of Mrs. Floride Calhoun. Complainant alleges that the purchase money was paid by a receipt for Mrs. Clemson's share in the bond. Defendant avers that this share was supplemented by moneys of Mr. Clemson to the extent of some $6,000. Mrs. Clemson died in 1875, some years after this conveyance, leaving, it is said, a last will and testament. Complainant charges that she did not execute the power of appointment by reason whereof the property devolves on her. Thomas G. Clemson, so being in possession as trustee of his wife, remained in possession of Fort Hill after her death, continuously until his own death, in 1888. In his answer the defendant avers that Clemson left a last will and testament, with a codicil, wherein he was named as executor, and whereby the Fort Hill property was devised to him upon certain trusts. In the exhibit is his letter to the general assembly, and copy of this document, wherein it appears that he was the devisee in fee of this Fort Hill plantation, and that the trust was to execute a conveyance thereof to the state of South Carolina, upon the acceptance of the gift thereof on certain conditions by the said state. On the 4th December, 1888, the defendant sent in to the general assembly of South Carolina, then in session, his said letter, accompanied by a copy of the said will, and in it asked the acceptance of this property thus given, on behalf of the state. This bill was filed on 26th November, 1888, and subpœna was served on defendant on 28th November, 1888. The motion is for a preliminary injunction, based on this letter of the defendant and the action of the general assembly thereupon. One house has passed the bill accepting the gift, and the bill is now on the calendar of the other house, awaiting early consideration. The general assembly proposes to adjourn at a not distant day.

As we have seen, the defendant has answered. But in his answer he makes defenses properly made by demurrer, and craves the same benefit thereof as if he had formally demurred. We must therefore consider them with the other grounds of defense in the answer, and not pass on the bill alone. The demurrer is to the jurisdiction,—that the complainant has a plain, adequate, and complete remedy at law. While it is true that in deciding upon motions for preliminary injunctions the courts must provide for the preservation of property or rights *in statu quo* without expressing, and, indeed, without having the means of forming, an opinion as to such rights, (1 High, Inj. § 5; *Railroad Co.* v. *Junction Co.*, 22 Eng. Ch. 602,) yet, when the jurisdiction of the court is challenged, that question must be met and decided. The position taken by the defendant is this: Complainant alleges that she is the owner in fee of this plantation—Fort Hill—under the will of Mrs. Calhoun. The defendant claims the fee under the will of Clemson. It is simply a question of title, cognizable by a court of law. In such an action a judgment can be had for the rents and profits. There is no occasion and no room for the peculiar jurisdiction of equity. The will of Mrs. Calhoun impressed with a trust the fund afterwards invested in Fort Hill. Of

this trust Clemson became the trustee, and so remained, certainly up to the death of his wife. After her death he continued in possession. Did his relation to the property change at the death of his wife? The complainant charges that he held the property in trust for his wife for life, with a power of appointment in her at her pleasure by will, and, in default thereof, to the limitations of Mrs. Calhoun's will; and that there was a default in the exercise of the power; that thus the legal estate remained in him, subject to these limitations. There is nothing before the court going to show that Clemson ever disavowed this trust, or that he gave any notice of his holding in his own or in any adverse right. If there was, it could not avail as against complainant, then and now an infant. Nor is there any place here for an executed use, devolving the legal title on the complainant. The property Fort Hill was purchased by Clemson at the master's sale. In paying the purchase money, as defendant claims, a part of it only was paid by the money provided under Mrs. Calhoun's will. The remainder was supplemented by himself out of his own funds. The conveyance to him was as trustee for Mrs. Clemson under the last will and testament and codicil of Mrs. Calhoun. This was confirmed by the court. The legal title was thus fixed in him, and could not pass out of him but by his deed or will. He made no such deed in his life-time. By his will he devised the property to the defendant, a volunteer, and so charged with all the equities with which his testator held it. The legal title being thus in Clemson, no suit at law could have been maintained against him for possession during his life. Nor can such suit be maintained at law against the defendant, his devisee of the legal estate. Whatever may be the final conclusion of the court on this point, the above reasons are sufficient to prevent the dismissal of this bill, or the refusal of this motion on the ground of a want of jurisdiction.

Do the circumstances of the case warrant a preliminary injunction? The defendant, as we have seen, was served with subpœna in this cause on 28th November, 1888. The bill gave him notice of the claim of complainant, and her prayer for an injunction against him. On the 4th December, 1888, he addressed his letter to the general assembly of the state of South Carolina. This, with the document accompanying it, informed the general assembly that he was the devisee in fee for the Fort Hill plantation, and that he had the right to convey it to the state of South Carolina upon compliance by the state with certain conditions therein stated. Thereupon he requested the general assembly to accept the property thus "donated for and in behalf of the state." Upon receipt of this letter, both houses, as has been stated, took action, and that promptly Bills were introduced into both houses accepting the gift. In each bill in each house is this section as section 1:

"Section 1. That the state of South Carolina hereby expressly declares that it accepts the devise and bequest of Thomas G. Clemson, subject to the terms and conditions set forth in his last will and testament, and that the treasurer of the state be, and is hereby, authorized and empowered to receive and securely hold the said property, both real and personal, and to execute all nec-

essary papers and receipts therefor so soon as the said executor shall convey and transfer the said devise and bequest to the state, as aforesaid."

This bill has passed one house. It is under consideration, with every prospect of its passage, in the other. It may very soon—in a day or two—become a law. If it does become a law, the property will be taken out of the jurisdiction of this court. No process can make the state of South Carolina a party to this suit. It can have no jurisdiction over the state in a civil action, except with her consent. So far as plaintiff's right to recover this plantation is concerned, if she has such a right, it will be irretrievably lost if the legal title be conveyed to the state. It is idle to say that the state will recognize and accede to the decision of this court if it establish any rights in complainant. Courts of justice enforce their decrees by mandates whose sanction is the court. No decree or mandate can be entered or issued obedience to which depends upon the will or courtesy of the party against whom it may be made. Without deciding, so as to commit the court, any question of right or property made in the papers submitted, and solely with the purpose of preserving the *status quo*, this motion will be granted. There is a principle which governs nearly all judges on applications for preliminary injunctions governing me. When the danger or injury threatened is of a character which cannot be easily remedied if the injunction be refused, and there is no doubt that the act charged is contemplated, the temporary injunction should be granted, unless the case made by the bill is satisfactorily refuted by the defendant. *U. S.* v. *Duluth*, 1 Dill. 469, (Mr. Justice MILLER.)

The complainant has brought her action against the defendant, not as executor, but in his personal character. He is devisee of the Fort Hill plantation as well as executor. As such devisee he takes the legal estate, charged with the equities, but not with the defaults, of his testator. If there be any account for the rents and profits received by Clemson in his life-time, for such default R. W. Simpson, executor, *qua* executor, is liable; not R. W. Simpson, devisee. He takes the property, if he takes it, with notice of the trust, responsible only for his own enjoyment of the rents and profits. For the same reason, the defendant not being a party as executor, these proceedings cannot affect him so far as personalty in his hands to be administered as executor is concerned. The injunction, therefore, must be confined to Fort Hill plantation.

This cause came to be heard on motion for a preliminary injunction upon the bill, answer, affidavits, and exhibits. After hearing the same and argument thereon, and upon due consideration thereof, it is ordered, adjudged, and decreed that a writ of injunction do issue to the defendant, Richard W. Simpson, enjoining and restraining him from executing and delivering any deed or deeds of conveyance of, or parting with the possession of, the Fort Hill plantation, as described in the pleadings of this case, to any person or persons, or to or for any uses, intents, and purposes whatsoever, especially to the state of South Carolina, or to any person or persons whomsoever in behalf of the said state. This order and writ to remain in force until the further order of this court.